CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 16 2022

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MONOGRAM SNACKS MARTINSVILLE, LLC, | ) |
| Plaintiff, | ) Case No. 4:20cv00030 |
| v. | ) **MEMORANDUM OPINION** |
| WILDE BRANDS, INC., | ) By:  Hon. Thomas T. Cullen |
| | )       United States District Judge |
| Defendant. | ) |

When the jury returned its verdict in this case on August 5, 2022, the issue of pre- and post-judgment interest remained open. The court directed the parties to brief their respective positions and they have done so, making the matter ripe for disposition and entry of final judgment.

The jury returned a verdict in favor of Plaintiff Monogram Snacks Martinsville, LLC, on its breach of contract claim, and awarded damages in the amount of $569,903.91. The jury also found for Defendant Wilde Brands, Inc., on its conversion claim, and awarded damages in the amount of $379,132.00. In their pleadings, both parties requested pre- and post-judgment interest. (*See* First Am. Compl., Prayer for Relief ¶ (a) [ECF No. 60]; First Am. Countercl., Prayer for Relief ¶ 1 [ECF No. 39].)

A.  *Pre-judgment Interest*

"State law governs the award of prejudgment interest in a diversity case." *See Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020) (internal quotation marks omitted). But Virginia Code § 8.01-382 "prohibits the imposition of pre-judgment interest by

the Court in a jury case." *3D Global Solutions v. MVM, Inc.*, Civil Action No. 06-722, 2012 WL 13041525, at *2 (D.D.C. Dec. 27, 2012) (citing *Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 655 S.E.2d 10 (Va. 2008)). As the Supreme Court of Virginia explained, "the principal distinction between pre-judgment and post-judgment interest is that the decision whether to award pre-judgment interest is discretionary with the trier of fact, while the application of post-judgment interest for all money damages in mandatory." *Upper Occoquan*, 655 S.E.2d at 23 (citing Va. Code Ann. § 8.01-382).

In this case, neither party requested an instruction on prejudgment interest.[1] Neither party requested a Verdict Form asking the jury to determine pre-judgment interest, and neither party objected to the court's final Verdict Form that omitted any question of pre-judgment interest.[2] Accordingly, the court cannot and, in any event, would exercise its discretion not to award pre-judgment interest in this case.

B.   *Post-judgement interest*

"[I]n contrast to the . . . court's discretion in the awarding of pre-judgment interest, federal law mandates the awarding of post-judgment interest." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc) (citing 28 U.S.C. § 1961). Congress has codified the post-judgment interest rate. *See* 28 U.S.C. § 1961. Accordingly, the court will

---

[1] To be sure, Wilde did include a proposed jury instruction that the proper measure of damages in a conversion action "is the value of the property converted at the time and place of the conversion plus interest." (Wilde's Proposed Jury Instr. No. 15, ECF No. 139.) Monogram did not object to this instruction, and the court instructed the jury that, if it determined that Wilde should succeed on its conversion claim, it would assess damages against Monogram, and that "the correct measure of damages for conversion is the value of the property converted at the time and place of the conversion plus interest." (*See* Jury Instr. No. 21, ECF No. 180.)

[2] Monogram did not tender a proposed Verdict Form; Wilde's 10-page proposed Verdict Form propounded 33 questions (including subparts) to the jury; none of those questions mentioned pre-judgment interest. (*See* ECF No. 139 at 27–36.)

award post-judgment interest pursuant to 28 U.S.C. § 1961. *See, e.g.*, *ExxonMobil Oil Corp. v. Black Stone Petroleum Inc.*, 221 F. Supp. 3d 755, 769 (E.D. Va. 2016); *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *3 (D. Md. Oct. 14, 2015).

C.  *Conclusion*

Based on applicable law, the court is obligated to deny pre-judgment interest to both parties and award post-judgment interest on the jury's verdict at the statutory rate. The judgment will reflect this award.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 16th day of September, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE